# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                        Plaintiff,        :       Case No. 3:14-cr-120
                                              Also Civil Case No. 3:15-cv-268

                                              District Judge Timothy S. Black
  -  vs  -                            Magistrate Judge Michael R. Merz

JOSHUA ANTHONY PETROSINO,

                        Defendant.       :

---

# REPORT AND RECOMMENDATIONS; ENTRY DENYING
# APPOINTMENT OF COUNSEL

---

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C.

§ 2255 (ECF No. 39).  As with all habeas corpus actions at the Dayton location of court, it is

referred to the undersigned under the General Order of Assignment and Reference.

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules

Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it.  If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion and direct the clerk to
> notify the moving party.  If the motion is not dismissed, the judge
> must order the United States to file an answer, motion, or other

1

response within a fixed time, or take other action the judge may order.

Petrosino pleads four grounds for relief:

**Ground One**:  Ineffective Assistance of Counsel.

**Supporting Facts**:  Counsel failed to investigate and present evidence concerning Movant's Mental Health history and diagnoses.

**Ground Two:**  Ineffective Assistance of Counsel.

**Supporting Facts:**  Counsel failed to submit evidence in the Defense Sentencing Memorandum, setting forth Movant's Mental Health issues, and the nexus and interrelation they had with his criminal behavior.

**Ground Three**:  Ineffective Assistance of Counsel.

**Supporting Facts:**  Counsel was ineffective for failing to argue for a downward departure under USSG 5K2.13.  Had counsel done so, Movant may have been sentenced to a lesser prison term.

**Ground Four:**  Ineffective Assistance of Counsel.

**Supporting Facts**:  Counsel was ineffective for not requesting a downward departure under USSG § 5H1.3.  Had he done son [sic], Movant may have received a lesser term.

(Motion to Vacate, ECF No. 39, PageID 148-53.)  The Motion is supported by a Memorandum of Law. *Id.*  at PageID 158-68.  However no supporting evidentiary material was filed with the Motion.

2

**Procedural History**

On August 5, 2014, Petrosino was charged by complaint with bank robbery (ECF No. 1). He was arrested on order of Chief Magistrate Judge Sharon Ovington and detained without bond (ECF Nos. 6, 8).  A grand jury for this district indicted him on three counts of bank robbery (ECF No. 12).  Petrosino originally pled not guilty (ECF No. 13), but on October 2, 2014, entered into a Plea Agreement with the United States in which he agreed to plead guilty to Count One in return for dismissal of the remaining counts (ECF No. 22).  Significantly, the plea was made under Fed. R. Crim. P. 11(c)(1)(C) and the parties agreed that an appropriate disposition would be a sentence of between 57 and 61 months. *Id.* at ¶ 4.  Judge Black accepted the Plea Agreement but then imposed a sentence of 51 months, six months less than the agreed minimum (ECF Nos. 33, 34).  At sentencing the United States agreed it would not withdraw from the Plea Agreement even if the Court imposed a sentence as low as 46 months (ECF No. 36, PageID 127). In his allocution, Petrosino blamed his commission of the robberies on his need to feed a drug addiction. *Id.* at PageID 131-32.

During the plea colloquy, Petrosino acknowledged that, under the binding plea agreement, Judge Black would have to sentence him to at least fifty-seven months imprisonment (Transcript, ECF No. 41, PageID 176).  He indicated he had last been treated for mental illness at the age of fourteen, eleven years before the plea, and was not currently taking any medication. *Id.* at PageID 176-77.  He averred that he had discussed the Sentencing Guidelines with his attorney, Michael Monta.  Petrosino swore that he was "fully satisfied with [his] lawyer's advice and representation."

Judge Black found that the sentencing guidelines in this case established a range of 51 to 63 months, but that the guideline calculation should have been higher because four of Petrosino's prior convictions were not counted.  *Id.*  at PageID 137.  He determined, however, that the bottom of the guideline range – fifty-one months -- was a sufficient sentence. *Id.*  at PageID 138.

Petrosino took no appeal but timely filed this Motion to Vacate.

# ANALYSIS

The Motion to Vacate pleads four claims of ineffective assistance of trial counsel.  These claims are properly pled in a motion under 28 U.S.C. § 2255, rather than being raised on appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999);*Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006).  No appeal was taken here, but ineffective assistance of trial counsel claims are not procedurally defaulted because of that.  *Massaro, supra.*

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

4

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.


**Grounds One and Two: Ineffective Assistance for Failure to Present Mental Health Issues**


In his first two grounds for relief, Petrosino alleges he received ineffective assistance from Mr. Monta when Monta failed to investigate and present evidence of Petrosino's mental

health history and diagnoses, and "the nexus and interaction they had with his criminal behavior."

By making this allegation, Petrosino inferentially alleges that there was available evidence on those three issues.  However, he submits no evidence at all with the Motion. Instead, he refers to the Presentence Investigation Report which indicates that ten years earlier he had been diagnosed with attention deficit hyperactivity disorder, major depressive disorder, manic depression, and bi-polar disorder (Motion, ECF No. 39, PageID 161).  He concludes, "the DSM [Diagnostic and Statistical Manual] maladies require Movant to undergo psychotherapy and psychopharma treatment, which are ongoing and quite possibly life long needs." *Id.*  He mentioned none of this at the plea colloquy beyond saying he had had mental health issues eleven years earlier and was not on any medication  (Transcript, ECF No. 41, PageID 176-77). He does not even claim he told Monta about any current treatment or diagnoses.  He does not begin to suggest what kind of expert testimony would have been available to somehow connect these old diagnoses with his commission of three bank robberies in the summer of 2014.

The Presentence Investigation Report indicates Petrosino was diagnosed with ADHD in 2004, but does not report any treatment (PSR ¶ 94).  Three years later he was diagnosed with major depressive disorder, single episode, unspecified.  He was also treated, but not diagnosed, for depression, anger management, and impulsiveness. *Id.*  He participated in twelve counseling sessions in the year between November 2007 and October 2008.  Petrosino reported sexual abuse by a friend's mother "during his formative years."  He was self-diagnosed at the time of the PSR with ADHD, manic depression, and bipolar disorder. *Id.*  at ¶ 95.

In contrast to this minimal mental health history, Petrosino reported a history of use of alcohol, marijuana, cocaine (both forms), amphetamine, methamphetamine, heroin, other opiates, benzodiazepine, and hallucinogens. *Id.* at ¶ 96.

The PSR also indicates Petrosino accumulated numerous arrests which were drug or alcohol related.

Petrosino has not made a prima facie showing that there was any evidence of his mental health issues which Monta could have presented at sentencing. He has presented none in connection with his motion and there was very little presented at the time of the presentence investigation. It cannot be deficient performance for a lawyer to fail to present evidence which does not exist nor can the failure to present such evidence be prejudicial. Thus Petrosino's first two claims for relief fail on both prongs of the *Strickland* test and should be dismissed with prejudice.

**Grounds Three and Four: Failure to Request Downward Departure**

In his Third and Fourth Grounds for Relief, Petrosino claims Monta was ineffective for failure to move for a downward departure under United States Sentencing Guidelines § 5K2.13 and § 5H1.3, hypothesizing that if the request had been made, a lower sentence might have been imposed.

USSG § 5K2.13 provides

**Diminished Capacity (Policy Statement)**

A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense.

Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

Application Note:

1.    For purposes of this policy statement—

"Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrong.

(USSG Eff. 11/1/2011.)

As with Grounds for Relief One and Two, Petrosino has presented no evidence outside the record to establish that he would have met this Guideline for a downward departure. Indeed, the evidence of record militates against the applicability of this Guideline. Judge Black commented at sentencing about Petrosino's intelligence, particularly as reflected in the letter he wrote the Court before sentencing. Nothing about Petrosino's responses at the plea colloquy suggests any mental impairment. He did not claim his mental illness made him do it, but professed to take full responsibility for his behavior. Indeed, the suggestion in the record was

8

that the crimes were committed to fund an addiction to drugs, a type of mental impairment specifically excepted from this Guideline.

USSG § 5H1.3 provides:

> **Mental and Emotional Conditions (Policy Statement)**
>
> Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines.  See also Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).

(USSG Eff. 11/1/2011.)

As with § 5K2.13, this section of the Guidelines does not suggest a downward departure in the absence of evidence that the mental condition in question is present "to an unusual degree."

Because Petrosino presents no evidence that he would have met USSG 5K2.13 or 5H1.3, it cannot have been deficient or prejudicial performance on Mr. Monta's part to have failed to present such evidence.  Therefore Grounds for Relief Three and Four should be dismissed.

**Motion for Appointment of Counsel**

In connection with his Motion to Vacate, Petrosino has moved for appointment of counsel (ECF No. 42).  Appointment of counsel in habeas corpus cases is required when an evidentiary hearing is ordered, but is otherwise discretionary with the Court.  Given the scarcity of funds with which to pay counsel under the Criminal Justice Act, this Court ordinarily reserves appointment for those cases in which it is required by law.  Given that the Magistrate Judge has

recommended the Motion to Vacate be denied, the request for counsel is DENIED, but may be re-filed if Judge Black determines an evidentiary hearing is warranted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 16, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).