IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,        :      Case No. 3:14-cr-120
                                                            Also Civil Case No. 3:15-cv-268

                                                            District Judge Timothy S. Black
-   vs   -                                        Magistrate Judge Michael R. Merz

JOSHUA ANTHONY PETROSINO,

          Defendant.        :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Objections (ECF No. 51) to the Magistrate Judge's Report and Recommendations on the merits (the "Report," ECF No. 45). Having reopened the judgment to permit consideration of the Objections (ECF No. 50), Judge Black has recommitted the case for reconsideration by the Magistrate Judge in light of the Objections (ECF No. 52).

      Pursuant to a Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C), Defendant Joshua Petrosino pled guilty to one count of a three-count Indictment for bank robbery. The parties agreed that an appropriate sentence would be between 57 and 61 months, but Judge Black imposed a shorter 51-month sentence, to which the United States did not object. Petrosino now

claims that if his attorney had only obtained and presented unspecified mental health evidence, the sentence might have been shorter yet.  The claim is raised through four separate grounds for relief, each accusing trial attorney Michael Monta of providing ineffective assistance of counsel.

Upon initial review under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Magistrate Judge determined that the prior proceedings in the case showed Petrosino was not entitled to relief.  He now objects and seeks appointment of counsel, discovery, and an evidentiary hearing (ECF No. 51, PageID 233-34).

In his Objections, Petrosino claims there was evidence available to Monta of "an extensive history of mental issues, which was in fact spread upon the record below." *Id.* at PageID 227.  He objects that "the Magistrate said there was no such evidence."  He complains that, "Movant, upon receipt of thee [sic] R&R, requested an extension of time, for the purpose of filing objections to the R&R and to present further evidence in support of his claims." *Id.*

The Report did not say there was no evidence that Petrosino had mental health issues.  What it said was "no supporting evidentiary material was filed with the Motion."  (Report, ECF No. 45, PageID 204.)  The Objections do not contradict that finding and its accuracy can be confirmed by examining the § 2255 Motion which comprises thirteen pages of pleading on the official form (ECF No. 39, PageID 145-57) and an eleven page Memorandum of Law. *Id.* at PageID 158-68.  No evidentiary material is attached.

Petrosino avers in his Objections that he asked for an extension of time to object and file evidence (ECF No. 51, PageID 227).   The actual Motion for Extension does not mention intent to provide any evidence (ECF No. 48, PageID 218-19). Whatever his intention may have been,

2

Petrosino actually received an extension of time from the Court of ninety days,[1] as compared to the thirty he requested, and he again filed no supporting evidence.  Instead:

- He asserts the existence of "an extensive history of mental issues, which was in fact spread upon the record below," but he gives no reference to where this evidence may be found in the record.

- He lists five medical service providers who allegedly could have provided evidence to be used at sentencing and who now agree, he says, to cooperate, but he provides no copies of communications from them.

- He claims that upon his admission to the Bureau of Prisons, the BOP contacted all these providers, accessed his medical records, and "formulated an ongoing treatment plan, including phamatherapy [sic] and psychotherapy."  However, no copy of the treatment plan or any other documents from the BOP are provided.

(ECF No. 51, PageID 231.)

In the § 2255 Motion, instead of providing any new evidence, Petrosino referred to the Presentence Investigation Report.  The Magistrate Judge read the PSI and confirmed that it showed a 2004 diagnosis of ADHD by a Dr. Kline and a 2007 diagnosis by the same doctor of major depressive disorder, single episode, unspecified.  At Dr. Kline's suggestion, Petrosino participated in twelve group counseling sessions from November 20, 2007, through October 28, 2008.  The mental health diagnoses and treatment are summarized in the Report (ECF No. 45, PageID 208), and the Objections do not claim that summary is inaccurate.  Dr. Kline is one of

---

[1] The Report was filed on November 17, 2015, and served on Petrosino by mail.  This would make the due date for objections seventeen days later, or December 4, 2016.  Judge Black extended Petrosino's time to March 3, 2016, which is ninety days after December 4, 2016.

3

the five medical services providers listed in the Objections, but he is said there to have provided services from 2004 through arrest (ECF No. 51, PageID 230), whereas apparently the probation officer was not told about treatment after 2008.

Petrosino's statements during the plea colloquy are consistent with this summary. All he said at the plea colloquy was that he had had mental health issues eleven years earlier and was not on any medication (Report, ECF No. 45, citing Transcript, ECF No. 41, PageID 161).

In the Report, the Magistrate Judge noted that Petrosino did not claim that he had told Monta about even the minimal mental health history reflected in the PSR (ECF No. 45, PageID 208). Petrosino does not contradict that in the Objections; he provides no statement, sworn or unsworn, about any conversation he had with Monta about mental health problems. It was therefore not deficient performance for Monta to fail to obtain evidence of mental illness which was in the distant past and which had no apparent relation to Petrosino's condition at the time of the plea.

As indicated in the Report, Petrosino reported to the probation officer a lengthy history of substance abuse, including alcohol, marijuana, cocaine (both forms), amphetamine, methamphetamine, heroin, other opiates, benzodiazepine, and hallucinogens (ECF No. 45, PageID 209, citing PSI ¶ 96). The PSI also reports extensive treatment for substance abuse, including treatment from Greene Leaf Therapeutic Community, one of the medical providers listed in the Objections, and many others. PSI ¶¶ 96-113. In fact it appears that far more in the way of mental health reports, confirmed by the probation officer, were before Judge Black at the time of sentencing, than Petrosino now wants to present.

In his Third and Fourth Grounds for Relief, Petrosino claims Monta provided ineffective assistance of trial counsel because he did not argue for a downward departure on the basis of diminished capacity under USSG § 5K2.13. As the Report points out, the Guideline prohibits a downward departure on the basis of capacity diminished by voluntary ingestion of drugs or other intoxicants. Petrosino presents no evidence that any of the extensive mental health treatment reflected in the PSI was for anything other than substance abuse.

Moreover, the claim that an argument for downward departure on this or any other basis would have produced a shorter sentence is purely speculative. The parties had already negotiated a sentencing range of 57 to 61 months in a case involving three bank robberies for which the maximum penalty would have been twenty years on each count. Judge Black found at sentencing that the "guideline calculation understates the degree of your criminality." (Transcript, ECF No. 36, PageID 136.) Nothing in the record indicates any likelihood that Judge Black would have departed downward any further than he did from the guideline range.

In sum, the record shows a great deal of history of substance abuse and treatment for that abuse, but this is not the type of mental health history that will support a downward departure under the Guidelines. In contrast, the record contains scant mention of mental health issues occurring ten years before this case arose.

Petrosino has also presented no evidence of what he told Monta about his mental health issues. Although the § 2255 Motion is verified under penalty, it contains only conclusory allegations. Petrosino could readily provide the Court with an affidavit on the question of what he told Monta, but he has not done so.

5

If a § 2255 movant presents a factual dispute, then the court "must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013). The burden of establishing entitlement to an evidentiary hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, no evidentiary hearing is necessary if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

> In reviewing a § 2255 motion in which a factual dispute arises, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). "[T]he burden on the petitioner in a habeas case for establishing an entitlement to an evidentiary hearing is relatively light." *Id.* More is required, however, than mere assertions of innocence. *See id.* ("[I]t would be nonsensical to conclude that the petitioner could meet that burden simply by proclaiming his innocence."). Nevertheless, "[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Arredondo* [*v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)] (internal quotations omitted). Stated another way, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotations omitted).

*Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). Petrosino has not established his entitlement to an evidentiary hearing under this case law because he has not shown there is a factual dispute which requires a hearing to resolve. Rather he seems to be arguing that if Judge Black looked at his history of substance abuse treatment again – a history already reflected in the PSI – he might shorten the sentence. That claim is conclusively refuted by the record.

Conclusion

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the § 2255 Motion be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).